[No. 23219–3–I.  Division One.  March 19, 1990.]

*In the Matter of the Marriage of* JANICE M. LEE, *Appellant, and* RONALD W. LEE, *Respondent.*

*Elizabeth K. Selleck,* for appellant.

*Gary L. Brown* and *Mallett & Brown,* for respondent.

GROSSE, A.C.J.—Janice Lee appeals from the trial court's refusal to modify the child support provisions of a dissolution decree. The trial court denied modification holding that an escalation clause in the decree was binding on the parties. We reverse.

When the marriage of the parties was dissolved in September of 1982, Ronald Lee was ordered to pay $225 per month in child support for their one child. The decree included an escalation clause that increased child support by 7 percent each year until their son was no longer dependent. The order did not place a limit on the maximum support to be· paid and was not related to the needs of the child or to Ronald Lee's ability to pay.

Janice Lee filed a petition for modification of child support in July of 1988. The petition listed four grounds for

modification; three were based on recent amendments to RCW 26.09, and the fourth was based on allegations of a substantial change in circumstances as a result of an increase in Mr. Lee's income.[1]

The trial was by affidavit. In the findings of fact the court found the parties' marriage was dissolved on September 1, 1982, and the decree incorporated an earlier property settlement agreement. The trial court noted that during the dissolution process Mrs. Lee was represented by counsel, who drafted the final documents, and Mr. Lee appeared pro se. The findings established that the original support was set at $225 per month with a 7 percent yearly increase and that this amount increased the child support at a rate higher than inflation and therefore provided for additional support. It was found that Mr. Lee "fully complied" with the decree requirements. Finally, the court found that the property agreement and support provisions were bargained for in good faith.

Based on these findings, the trial court concluded that the escalation clause was not inequitable, that the parties bargained for the agreement, and that it was binding on the parties. The court also concluded that *only* a payor may invoke the doctrine of *In re Marriage of Edwards,* 99 Wn.2d 913, 665 P.2d 883 (1983), to avoid the escalation clause and, even if the payee could avoid the clause, *Edwards* does not apply to escalation clauses filed prior to the *Edwards* decision. Based on these conclusions, the court dismissed the petition for modification of support and denied the relief requested. The trial court did not enter

---

[1]Mrs. Lee alleged four grounds for modification in the petition: (1) the order was based on guidelines which determined the amount of support according to the age of the child, and the child was no longer in the age category on which the current support amount was based; (2) an automatic adjustment of support provisions consistent with RCW 26.09.100 should be added to the child support provisions; (3) the order in practice worked a severe economic hardship on Mrs. Lee and the dependent child in that the dependent child's expenses as a teenager were far higher than the current support (*i.e.,* car insurance, educational expenses, etc.); and (4) there was a substantial change of circumstances since the order was entered in that Mr. Lee's income had increased substantially.

findings or conclusions directly related to the allegations in the petition for modification.

By focusing only on the escalation clause and its equities, the trial court erred. An escalation clause does not preclude subsequent modification of a child support order. This is recognized in the following passage from the *Edwards* decision:

> We note that the balance struck today by our interpretation of this statute may require that trial judges be more sympathetic to pleas of substantial change of positions in granting modification requests. The escalation clause we approve today works fairly only if the assumptions upon which it is based—increased ability to pay and increased needs of the children—are true. If the noncustodial parent can later refute these assumptions or if the custodial parent's ability to pay has substantially increased, modification should be granted.

*Edwards,* at 919–20. While the Supreme Court's observations in *Edwards* with regard to subsequent modification pertain to the noncustodial parent, we do not believe the court intended to modify the rule that either parent may seek modification of a child support order in the event of a substantial change in circumstances. *Van Tinker v. Van Tinker,* 31 Wn.2d 12, 15, 195 P.2d 96 (1948). *See State ex rel. Ranken v. Superior Court,* 6 Wn.2d 90, 106 P.2d 1082 (1940). A trial court's power in this regard is both equitable and statutory. *See State ex rel. Ranken v. Superior Court, supra.* These principles were recently reaffirmed by the Supreme Court in *Pippins v. Jankelson,* 110 Wn.2d 475, 754 P.2d 105 (1988):

> The courts of this state have long had the general power to modify any judgment or order pertaining to child support payments whenever the needs of the child so require and the financial ability of the parties so allow. The power to modify is an aspect of the court's continuing jurisdiction in cases involving the welfare and maintenance of minor children. *Poland v. Poland,* 63 Wash. 597, 116 P. 2 (1911); *State v. Coffey,* 77 Wn.2d 630, 465 P.2d 665 (1970). As we noted years ago, "[t]hese matters, from their very nature, invoke the equitable powers of the court, and the jurisdiction is a continuing one . . ." *Dyer v. Dyer,* 65 Wash. 535, 537, 118 P. 634 (1911). While the judiciary has an independent equitable power to modify child support, *Holter v. Holter,* 108 Wash. 519, 185 P. 598

(1919), the authority of the courts in this area has also been affirmed by the Legislature in adopting the Uniform Parentage Act, RCW 26.26.160.

. . . .

Although we favor the settlement of legal disputes and will generally uphold them against subsequent attack, we have never held that such settlements preclude the exercise of the court's equitable powers. We decline to do so here. The mere fact that an agreement exists between the mother and father regarding the amount of child support to be paid is insufficient to foreclose the possibility of a judicially mandated revision when the needs of the child so require. *State v. Bowen,* 80 Wn.2d 808, 498 P.2d 877 (1972); *Scudder v. Scudder,* 55 Wn.2d 454, 348 P.2d 225 (1960); *Ditmar v. Ditmar,* 48 Wn.2d 373, 293 P.2d 759 (1956). As we recently stated, agreements which restrict a minor child's right to seek increased support are "invalid as against public policy." *Hartman v. Smith,* 100 Wn.2d 766, 768, 674 P.2d 176 (1984); *see also* RCW 26.09.070.

*Pippins,* at 478–79. While the *Pippins* court dealt with an agreed support order in a paternity action, we see no reason to distinguish that situation from this one involving an escalation clause included in a support order by agreement of the parties. In both situations the trial court may exercise its discretion and modify the order of support.

■ Respondent does not argue with the trial court's authority to modify even in the face of an escalation clause. Rather, he contends that because the trial court had before it all of the evidence necessary to determine the merits of the allegations in the petition it necessarily follows that the court found the appellant had not made the requisite showing to justify modification. We do not agree. Certainly, we can conceive of situations where, after reviewing the petition for modification, a trial court could determine that the provisions of an escalation clause continue to provide adequately for the needs of a child and dismiss a petition for modification. Such a decision, however, would require supporting findings and conclusions that no substantial change in circumstances had occurred. Because we do not have those supporting findings and conclusions in the instant case and because the trial court's order indicates that it thought it was unable to consider evidence of a

change of circumstances, the matter must be reversed and remanded for further proceedings.[2]

Our above holding is not entirely dispositive of the issues presented in this appeal. The petition for modification alleged additional grounds for modification based on recent amendments to RCW 26.09. The present statute, RCW 26.09.170, provides in pertinent part as follows:

> (1) . . . [T]he provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and, except as otherwise provided in subsection (4) or (5) of this section, only upon a showing of a substantial change of circumstances. . . .
>
> . . . .
>
> (4) An order of child support may be modified one year or more after it has been entered without showing a substantial change of circumstances:
> (a) If the order in practice works a severe economic hardship on either party or the child;
> (b) If a party requests an adjustment in an order for child support which was based on guidelines which determined the amount of support according to the child's age, and the child is no longer in the age category on which the current support amount was based;
> (c) If a child is still in high school, upon a finding that there is a need to extend support beyond the eighteenth birthday to complete high school; or
> (d) To add an automatic adjustment of support provision consistent with RCW 26.09.100.

The petition filed in this case alleged (a), (b), and (d) in addition to a substantial change in circumstances. Appellant contends that, despite the existence of an escalation clause or other provision for child support, any one of these allegations is also sufficient to require a review so long as it has been 1 year or more since the entry of a previous order.

---

[2]The pre– or post–*Edwards* nature of an escalation clause is not material to the issue presented here. Additionally, we are aware of no authority to support the trial court's determination in this case that only the noncustodial parent paying support can challenge an escalation clause voidable under *Edwards*. In any event, such a rule would be inconsistent with our holding that even in the face of a valid escalation clause child support provisions are always subject to modification on a proper showing.

Again, the respondent does not take issue with the appellant on the authority of the trial court under this statute. Nor do we.

The recent legislative changes on child support are consistent with the reasoning in the cases cited earlier, emphasizing the ability of the court to modify child support based on the needs of the child and the parents' financial ability. Indeed, it is apparent from a review of the 1987 amendments and their legislative history that the Legislature placed the current needs of children paramount to other concerns, such as settlement of disputes or finality of judgments, in the area of child support proceedings. The Legislature's stated intent in adopting the child support schedule[3] was to

insure that child support orders are adequate to meet a child's basic needs and to provide additional child support commensurate with the parents' income, resources, and standard of living. The legislature also intends that the child support obligation should be equitably apportioned between the parents.

The legislature finds that these goals will be best achieved by the adoption and use of a state–wide child support schedule. Use of a state–wide schedule will benefit children and their parents by:

(1) Increasing the adequacy of child support orders through the use of economic data as the basis for establishing the child support schedule;

(2) Increasing the equity of child support orders by providing for comparable orders in cases with similar circumstances; and

(3) Reducing the adversarial nature of the proceedings by increasing voluntary settlements as a result of the greater predictability achieved by a uniform state–wide child support schedule.

RCW 26.19.001.

---

[3]The new child support schedule issued by the Washington State Child Support Schedule Commission and adopted by the Legislature consists of (1) standards for setting support, (2) an economic table for basic support obligations, (3) worksheets to determine the amount of support, and (4) instructions. The schedule is presumptive and must be followed in all proceedings in which child support is determined or modified. RCW 26.19.020(1).

These legislative purposes were recently affirmed and supported by the Supreme Court in *In re Marriage of Sacco,* 114 Wn.2d 1, 784 P.2d 1266 (1990). There, the court remanded a child support determination holding that the trial court is required to calculate, according to the schedule, the presumptive amount of child support, even if the trial court decides to deviate from it. The Supreme Court further held that while the statute allows a trial court to deviate from this amount in certain circumstances,[4] written findings supported by the evidence must be entered if the court does so. *In re Marriage of Sacco, supra.* The *Sacco* decision bolsters the presumptive nature of the guidelines and the stated purposes of the recent changes in the child support laws: to increase the equity and adequacy of child support orders, and to increase voluntary settlements because of the predictability of the schedule. Both the legislative changes and the *Sacco* decision enhance the policy that child support orders must adequately meet the needs of the child.

The appellant sought modification claiming it did not adequately meet the needs of her child. From the petition in this case, it appears that at least two of the grounds asserted by the appellant may have justified a modification of the order. The record reflects the Washington State Child Support Schedule in effect on the date of the modification hearing contained support schedules of different amounts, at all levels of income, and regardless of the number of children, based on two categories: children 11 and under, and children 12 through 18. Because this record reflects that the child of the parties had indeed changed age

---

[4]A nonexclusive list of reasons for deviation from the presumptive amount includes: "Possession of wealth, shared living arrangements, extraordinary debts that have not been voluntarily incurred, extraordinarily high income of a child, a significant disparity of the living costs of the parents due to conditions beyond their control, and special needs of disabled children. A deviation may be supported by tax planning considerations only if the child would not receive a lesser economic benefit. Agreement of the parties, by itself, is not adequate reason for deviation." RCW 26.19.020(6).

categories after entry of the original decree[5] it appears that this allegation alone requires specific trial court action.

Similarly, the allegation that an automatic adjustment should be added would appear to be prima facie meritorious. Pursuant to RCW 26.09.170(4)(d), an order may be modified to add a provision for an automatic adjustment of support consistent with RCW 26.09.100. That statute, as of the date of the modification hearing, allowed such an adjustment based on the current child support schedule.

> The court may require annual adjustment of support based upon changes in a party's income or the child's needs, or based upon changes in an index or schedule.

Former RCW 26.09.100.[6] Since the appellant alleged a change in the party's income and the child support schedule had changed, the modification may have been warranted.[7]

■ The trial court has discretion to modify child support orders if one of the statutory grounds for modification is supported by affidavits. RCW 26.09.170. In this case, the record demonstrates that the trial court did not examine whether the affidavits supported the grounds for modification. On remand, if the trial court determines modification is warranted, the court is obligated to calculate the presumptive amount from the schedule and, absent written reasons supported by evidence, order the presumptive amount. *In re Marriage of Sacco, supra;* RCW 26.19.020(1);

---

[5]The support schedule and the uniform child support guidelines adopted in 1982 by the Washington State Association of Superior Court Judges (ASCJ Guidelines) were in effect when the original support order was entered. These guidelines were advisory in nature, unlike the current schedule that is presumptive. The ASCJ Guidelines included three age categories: 0–6, 7–15, and 16–17. The current guidelines include only two age categories: 0–11 and 12–17.

[6]The statute was amended in 1989 and now reads in part: "The court may require periodic adjustments of support." RCW 26.09.100.

[7]We do not pass on the question of what such a periodic adjustment should provide in order to conform to *Edwards*. Under *Edwards* an escalation clause that automatically adjusts the amount of child support is valid only if it is based on the obligor's ability to pay and contains a ceiling.

Washington State Child Support Schedule, Standard 1. The court does, however, have discretion in deciding the extent of deviation from the presumptive amount if reasons exist for such deviation. Washington State Child Support Schedule, Standard 11.

We reverse and remand for further proceedings. Because this case involves consideration of the current needs of the child, the trial court must on rehearing hear the matter de novo.

PEKELIS, J., and RINGOLD, J. Pro Tem., concur.