[No. 9832-0-III. Division Three. May 22, 1990.]

*In the Matter of the Marriage of* GENE L. LADOUCEUR, *Respondent, and* PATRICIA LADOUCEUR, *Appellant.*

*Edward B. Shamek, Jr.,* for appellant.

*Murray Taggart* and *Taggart & Phillips,* for respondent.

SHIELDS, J.—Patricia LaDouceur appeals from the court's order modifying spousal maintenance and child support in a dissolution proceeding. We affirm in part and reverse in part.

Patricia and Gene LaDouceur were married on September 26, 1970. Their only child, Tennille, was born on October 12, 1976. The couple entered into an amended separation agreement on June 6, 1986.[1] Mr. LaDouceur agreed to pay $200 per month spousal maintenance and $300 per month child support. He also agreed to make the house and car payments; all other obligations were discharged in bankruptcy. The June agreement also provided (1) the 1986 income tax refund ($1,205.15)[2] would be

---

[1] The June 6 agreement was more detailed than the original, dated March 5, 1986.

[2] On April 14, 1986, the couple filed a 1985 joint tax return which claimed the refund.

applied the the arrearage on the mortgage on property in Hood River, Oregon; (2) the Hood River home would be sold as soon as possible; (3) "certain government credits" would either be applied to the mortgage arrearage or be divided equally between the parties; and (4) each party would receive "their individual interest to Social Security or retirement program . . .".

A petition for dissolution of marriage was filed by Mr. LaDouceur on August 7, 1986. At the same time, he quit his job as an electrician with the Corps of Engineers and took another job with Leaco Electric Company at a reduced wage. On December 2, Mr. LaDouceur received $7,344.74 in retirement benefits from the Corps of Engineers because of termination of his employment. The couple signed a supplemental agreement extending the $200 per month spousal support for an additional 8 months from January to August 1987. A decree of dissolution which adopted the settlement agreement as modified was entered on January 2, 1987.

The Hood River house was sold in May 1987. The sale proceeds were insufficient to pay the liens and closing costs. Loans on the house were delinquent at the time of the sale even though Mr. LaDouceur had paid $2,635.98 during November and December 1986. To close the sale, Mr. LaDouceur was required to pay $467.93.

On June 29, 1987, Ms. LaDouceur petitioned the court to modify and increase the maintenance and child support awards based on: (1) an increase in Mr. LaDouceur's income; (2) Mr. LaDouceur's failure to apply all of the proceeds received from his retirement account and the 1986 tax refund to the arrearage owed on the Hood River residence; and (3) the lack of expected return on the sale of the Hood River property which left her without funds to support herself and child while continuing with her education. She sought (1) an increase in child support from $300 to $350 per month; (2) additional spousal maintenance from August 1, 1987, to August 1, 1988, of $350 per month; and (3) reasonable attorney fees. On January 4, 1989, the court

concluded there had been a substantial change of circumstances justifying an extension of spousal maintenance for an additional 12 months in the reduced amount of $180 and child support of $335 effective January 1, 1988. She was awarded her attorney fees.

First, Ms. LaDouceur contends the court erred in failing to award her additional maintenance of $350 per month as requested in her petition. We find no error.

Subsequent to the entry of the decree, Mr. LaDouceur was responsible for the disbursement of money from three different sources: the tax refund of $1,205.15, his moving expense reimbursement of $4,080, and his retirement account of $7,344.74. The court determined Mr. LaDouceur applied the tax refund to mortgage arrearages and paid his former wife her share of the moving expense reimbursement ($2,040) prior to the entry of the modification order. The court further determined the retirement proceeds had been earned during the marriage, received prior to the dissolution decree and were therefore community property not disposed of in the decree. The court also found Mr. LaDouceur had represented to Ms. LaDouceur that he would apply the proceeds from his retirement account to the mortgage arrearages and did so to the extent of $3,102.98. Thus, Ms. LaDouceur's share of the remaining retirement proceeds of $4,241.76 was $2,120.88. The court's award of additional spousal maintenance substitutes $2,160 for that share. Mr. LaDouceur has not appealed from this ruling; thus, any loss which Ms. LaDouceur may have experienced with respect to the undistributed retirement proceeds has been fully compensated. There is no error.

Second, Ms. LaDouceur contends the court erred in its modification of the child support award. She contends the court improperly allowed certain deductions from his disposable income, did not count overtime compensation, deviated from the schedule without sufficient reasons when setting the amount, refused to make the award retroactive to the date of the petition for modification, refused to permit an automatic increase when the child turned 12 and

allowed a $300 deduction for support of an infant son born to his new wife during Mr. LaDouceur's subsequent marriage. The court's computations are erroneous as noted in the guidelines which explain the use of the child support worksheets. *See In re Marriage of Sacco,* 114 Wn.2d 1, 784 P.2d 1266 (1990).[3] To determine the proper amount of child support the court must first determine the total disposable income of both parties. Here, the court found Mr. LaDouceur's monthly net income after all mandatory wage deductions was $2,262.33[4] and Ms. LaDouceur's was $550. However, Mr. LaDouceur's net income included deductions not authorized by the statute: health insurance ($57) and FEGLI ($30). See Instructions for Worksheet A of Washington State Child Support Schedule Comm'n, *Washington State Child Support Schedule* 5 (July 1989). Additionally, overtime income earned by Mr. LaDouceur must be included in the monthly gross income amount. Thus, there was error with respect to these calculations.

Third, the court erred by deducting $300 per month from Mr. LaDouceur's net disposable income for support of his infant son. As noted in Washington State Child Support Schedule Comm'n, *Washington State Child Support Schedule* Std. 4, at 3 (July 1989), payment of child support for children of other relationships is a basis for the use of

---

[3]RCW 26.19.020(1) provides the child support schedule issued by the Washington State Child Support Schedule Commission is applicable to all proceedings in which child support is at issue. This provision has been construed to apply to modification proceedings. *In re Marriage of Lee,* 57 Wn. App. 268, 274 n.3, 788 P.2d 564 (1990).

[4]That figure was computed by the trial court based upon the following:
"Gross Pay:

| | |
|---|---|
| $16.90 x 80 x 26 ÷ 12 = | $2,929.33 |
| Less: | |
| Federal Withholding | $303.00 |
| Medicare | 47.50 |
| Retirement | 230.00 |
| Health | 57.00 |
| FEGLI | 30.00 |
| Net [disposable income] | $2,262.33" |

discretion, as described in Standard 13, *"but shall not be included as a deduction from gross income."* (Italics ours.)

■ Standard 13 states:

> When there are children from other relationships, the schedule shall be applied to the mother, father and children of the relationship being considered. Deviations from the amount of support derived from this application may be based upon all the circumstances of both households. All income, resources, and support obligations paid and received shall be disclosed and considered. Support obligations include children in the home and children outside of the home.

Suggested reasons for deviation are given in Standard 12:

> Reasons for deviation may include the possession of wealth, shared living arrangement, extraordinary debt, extraordinarily high income of a child, a significant disparity in the living costs of the parents due to conditions beyond their control, special needs of disabled children, and tax planning.

Here, in addition to deducting an arbitrary figure from Mr. LaDouceur's net income, the court made no findings as to the circumstances of Mr. LaDouceur's new family. There is no evidence of the Standard 12 factors in the record before us, and therefore no factual basis on which to deviate from the schedule by deducting the $300. RCW 26.19.020(5). The court erred when it deviated from the support schedule without making specific findings.

Ms. LaDouceur contends the modification of the child support award should have been retroactive to the date the petition for modification was filed. However, the only argument raised for making the award retroactive was Mr. LaDouceur's change in employment. Ms. LaDouceur contends Mr. LaDouceur was underemployed while working for Leaco Electric Company. Standard 15 is instructive: "A parent will not be deemed underemployed as long as that parent is gainfully employed on a full–time basis." Additionally, the court made no finding Mr. LaDouceur was underemployed or that he changed jobs to avoid his child support obligation. It is just as persuasive he changed jobs in order to withdraw his retirement benefits to make the loan payments, a benefit to Ms. LaDouceur. Thus, there is

no basis on which to make the child support obligations retroactive to the date of the petition for modification.

Fourth, Ms. LaDouceur contends the court erred in failing to provide for an automatic adjustment when her daughter became 12 years old. The schedule provides for an automatic increase in support for a child 12 years and older. Again, any deviation must be supported by specific findings. There are none.

█ Finally, the record does not contain the necessary worksheets as mandated by RCW 26.19.020(4) and *Sacco*. Upon remand, the trial court must include those in the record to provide future courts hearing subsequent petitions for modification a complete record from which to review the issue.

The award of maintenance is affirmed; the award of child support is reversed and remanded for a recalculation in light of the standards cited above.

MUNSON, C.J., and GREEN, J., concur.