[No. 29892-5-I.    Division One.    December 13, 1993.]

*In the Matter of the Marriage of* JOYCE S. TRICHAK,
*Appellant, and* GEORGE A. TRICHAK,
*Respondent.*

*Mark D. Kimball,* for appellant.

*George A. Trichak,* pro se.

COLEMAN, J. — Joyce S. Trichak appeals a superior court order modifying a decree of dissolution, arguing that the court erred in (1) allowing respondent a deviation from the standard support calculation based upon the parties' handicapped child's Social Security disability income and (2) denying her request for attorney fees. George A. Trichak cross-appeals the same order, arguing that the court erroneously relied on an inaccurate statement of the appellant's gross monthly income when it determined the child support obligation. We affirm.

Joyce and George Trichak were divorced in 1989. In the decree of dissolution, the court held that Mr. Trichak was entitled to a pro rata offset in his child support obligation for the Social Security benefits received by their developmentally disabled child, Casandra. Neither party appealed the decree.

Two years later, Ms. Trichak brought a petition for modification of child support. Following a trial by affidavit, the court entered an order modifying the decree of dissolution. In the order, the court increased Mr. Trichak's support obligation based on a substantial change of circumstances in the income of the parties, but continued to allow the offset on two grounds. First, the court stated that the pro rata offset ordered in the divorce decree was "the law of the case" and therefore was not subject to modification. Second, the court declared that even if the offset provision could be modified, RCW 26.19.075(1)(a)(vii) permits a deviation from the standard calculation when a child has extraordinary income.

Ms. Trichak subsequently requested attorney fees and filed a motion for reconsideration on the offset issue. Mr. Trichak similarly moved for reconsideration, contending that the trial

court had erroneously used the $1,255 figure listed on Ms. Trichak's support schedule worksheet as her gross monthly income instead of the $2,000 figure provided on her financial affidavit. The court denied both parties' motions for reconsideration, as well as Ms. Trichak's request for attorney fees. The parties appeal.

We initially consider whether Ms. Trichak is precluded, under the doctrine of collateral estoppel, from relitigating whether a deviation from the standard calculation for Casandra's Social Security income was proper.

Under the statewide child support schedule, a court must set the child support obligation of each parent according to a standard calculation. *In re Marriage of Sacco*, 114 Wn.2d 1, 3-4, 784 P.2d 1266 (1990); *In re Marriage of Lee*, 57 Wn. App. 268, 275, 788 P.2d 564 (1990). The standard calculation is defined as "the presumptive amount of child support owed as determined from the child support schedule before the court considers any reasons for deviation." RCW 26.19.011(8). Thus, after determining the presumptive amount of child support owed, a court may, in its discretion, deviate from the standard calculation. *In re Marriage of Griffin*, 114 Wn.2d 772, 776, 791 P.2d 519 (1990); RCW 26.19.075(1)(a).

Once the child support obligation has been set, either party may subsequently petition the court for a modification upon a showing of a substantial change of circumstances. RCW 26.09.170(1)(b). The court must set the standard calculation in light of the basis for modification, but it has discretion to decide the extent of any deviation. *Lee*, at 277.

Mr. Trichak argues that the trial court's reference to the 1989 decree as being "the law of the case" precluded modification of the deviation for Casandra's Social Security income under the doctrine of collateral estoppel. Specifically, he claims that because Ms. Trichak has not assigned error to the court's findings, she is not challenging the modifiability of the deviation, but its legality, which was decided by the court in the 1989 decree. Therefore, he contends, Ms. Trichak is barred from relitigating a previously decided issue. We agree.

In the summons and petition for modification, Ms. Trichak stated that because of a substantial change of circumstances, "the reasons for deviation applicable at the time of the entry of the Decree herein are no longer applicable[.]" On this basis, the trial court clearly had the ability to modify the deviation provision. As Mr. Trichak indicates, however, Ms. Trichak does not contend that the court failed to reconsider the deviation provision in light of Casandra's needs. Rather, she simply contends that the offset for Casandra's Social Security income is not a proper deviation under the child support statute and that during the modification proceeding, the trial court failed to exercise its jurisdiction to decide the propriety of the deviation as a matter of law.

■ While continuing jurisdiction in child custody and support matters is necessary to ensure that all matters affecting the needs of children are addressed, it is not the proper forum for relitigating previously decided legal issues that are unrelated to such needs.[1] Ms. Trichak had the opportunity to challenge the 1989 decree when it was entered, but declined to do so by not appealing. The trial court therefore correctly concluded that the 1989 decree was "the law of the case", and that Ms. Trichak was barred from relitigating whether the deviation for Casandra's Social Security income was proper.

Because, however, the issue raised by Ms. Trichak may arise again in the future, we will address the merits. Specifically, we must determine whether a child's supplemental Social Security income constitutes extraordinary income, thereby forming the basis for a deviation.

Based upon the extraordinary income of a child, a trial court may deviate from the standard calculation in setting the amount of child support. RCW 26.19.075(1)(a)(vii). A

---

[1]Ms. Trichak's reliance on *State ex rel. Ranken v. Superior Court*, 6 Wn.2d 90, 106 P.2d 1082 (1940) and *In re Marriage of Lee*, 57 Wn. App. 268, 788 P.2d 564 (1990) as standing for the proposition that a trial court maintains continuing jurisdiction over all matters in a modification proceeding is misplaced. Those cases specifically provide only that continuing jurisdiction is only appropriate in light of changed circumstances. *See Ranken*, at 98; *Lee*, at 271-72.

trial court has discretion in deciding the extent of such a deviation as long as the statutory grounds for modification are present. *Lee*, at 277. Absent an abuse of that discretion, a reviewing court must affirm. *Griffin*, at 776.

Ms. Trichak argues that although the extraordinary income of a child may form the basis for a deviation from the standard calculation, income standard 4 provides that the court shall not consider supplemental security income in determining gross monthly income. RCW 26.19.071(4)(e). In fact, in listing those income sources that must be excluded from gross monthly income, income standard 4 expressly provides: "Receipt of . . . supplemental security income . . . shall not be a reason to deviate from the standard calculation." RCW 26.19.071(4). Ms. Trichak therefore contends that because Social Security income is expressly excluded for purposes of determining the child support obligation, Casandra's disability payments cannot form the basis for a deviation. We disagree.

■ The standards for determination of income state that income standard 4 applies only to the parents' income, not to the child's. The statute provides as follows:

> Only the income of the parents of the children whose support is at issue shall be calculated for purposes of calculating the basic support obligation. Income and resources of any other person shall not be included in calculating the basic support obligation.

RCW 26.19.071(1). Under this standard, supplemental security income refers only to that which is received by a parent. A child's income is therefore excluded from consideration in the calculation of the basic support obligation and may form the basis for a deviation.

Thus, in this case, because Ms. Trichak never made a showing that Casandra's needs had changed, it was not improper for the trial court to treat the disability payments as extraordinary income and continue with the deviation formula established in the 1989 decree. We find no abuse of discretion.

The next issue Ms. Trichak raises is whether, based on the parties' disparate incomes, the trial court erred in denying her request for $1,000 in costs and attorney fees.

■ A court may award costs and attorney fees in a modification proceeding after considering the financial resources of both parties. RCW 26.09.140. In considering the financial resources of both parties, the court must balance the needs of the requesting party against the other party's ability to pay. *In re Marriage of Nelson*, 62 Wn. App. 515, 521, 814 P.2d 1208 (1991) (quoting *In re Marriage of Coons*, 53 Wn. App. 721, 722, 770 P.2d 653 (1989)). An award under this provision is discretionary and should not be reversed absent an abuse of discretion. *Nelson*, at 521.

While there is some disparity in income between the parties, the record nevertheless reflects that the trial court considered the financial status of each party and concluded that neither demonstrated "a justification or need to be awarded their costs and attorney fees."[2] We therefore cannot find that the court abused its discretion in denying Ms. Trichak's request for costs and attorney fees.

We next consider Mr. Trichak's cross appeal. He contends, without argument or authority, that the trial court erroneously relied on an inaccurate statement of Ms. Trichak's gross monthly income when it calculated the child support obligation. According to Mr. Trichak, the trial court should have used the $2,000 figure listed on Ms. Trichak's financial affidavit, instead of the $1,255 figure listed on her support schedule worksheet. We find Mr. Trichak's claim of error to be without merit.

First, as Ms. Trichak argues, the $2,000 figure listed on her financial affidavit was clearly marked as an estimate. In fact, the form comprising the financial affidavit recognizes that the figures listed may only be estimates. The form states: "These figures should, *to the extent possible*, reflect

---

[2] *See In re Marriage of Sheffer*, 60 Wn. App. 51, 59, 802 P.2d 817 (1990) (finding no abuse of discretion despite wide disparity between parties' incomes); *In re Marriage of Bulicek*, 59 Wn. App. 630, 639-40, 800 P.2d 394 (1990) (finding no abuse of discretion despite wide disparity between parties' incomes).

Washington State Child Support Schedule worksheets pursuant to RCW 26.19." Second, as required by RCW 26.19-.071(2), Ms. Trichak provided her tax returns to verify the $1,255 figure listed on her worksheets. Thus, for these reasons, we find that the trial court did not err in using the worksheet figure in determining the child support obligation.

Finally, Mr. Trichak argues that because Ms. Trichak's appeal is frivolous and without merit, he is entitled to an award of attorney fees on appeal. We disagree. Whether a child's Social Security income may form the basis for a deviation was a debatable issue and not totally devoid of merit. We therefore deny Mr. Trichak's request for attorney fees on appeal.

The order of the Superior Court is affirmed.

FORREST and BAKER, JJ., concur.