

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ROBERT PARRISH, JR., | ) | |
| | ) | No. 35331-1-III |
| Appellant, | ) | (Consolidated with |
| | ) | No. 35403-2-III and |
| v. | ) | No. 35590-0-III) |
| | ) | |
| MELISSA PARRISH, | ) | |
| A/K/A ALAXANDRIA VON HELL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — Alaxandria Von Hell appeals, *inter alia*, from orders modifying child custody that transfers primary custody of her son to her former husband. Concluding that the trial court had jurisdiction over the case, which originated with an Alaska divorce decree, and that the remainder of the appeal is an untimely attack on an unchallenged order modifying the parenting plan, we affirm. Respondent is awarded his attorney fees.

PROCEDURAL HISTORY

The primary issue in this appeal concerns the trial court's authority to consider the husband's request, and thus, the relevant facts are procedural in nature. Robert Parrish,

Jr., and Melissa Parrish (now known as Alaxandria Von Hell) divorced in Alaska in 2011. The couple had one child, T.P., born in 2009.

The divorce decree gave primary custody of the child to Von Hell, with Parrish having visitation rights. Sometime during 2011 or 2012, the mother and child moved to Washington. Litigation continued after the divorce decree, with child custody constituting the primary issue. After the move to Washington, the Alaska Superior Court reaffirmed Von Hell's primary custody in January 2013, although the visitation schedule was changed to reflect the new residence.

Parrish filed additional motions in Alaska in early 2013, and then pursued appeals in the Alaska court system in 2013 and 2014. He also filed an action in the Kittitas County Superior Court in April 2013. That action was dismissed in June 2014.

On December 16, 2014, the Benton County Superior Court entered an order registering the 2011 settlement decree and the 2013 order in Benton County; both Von Hell and Parrish stipulated to the order, which recognized that Alaska no longer had exclusive jurisdiction of the case. The court also found that Von Hell and T.P. were residents of Benton County, Washington, and that Parrish was a resident of West Virginia.

Parrish filed a petition in Benton County Superior Court to modify the custody decree on February 11, 2015. He asserted jurisdiction existed based on T.P. and Von Hell residing in the county. The following year, the court appointed a guardian ad litem

(GAL) to represent the child. In August 2016, the trial court found that it was in the child's best interest for Von Hell to undergo a psychological evaluation as recommended by the GAL. On October 17, 2016, the court entered an order modifying the parenting plan and directing Von Hell to undergo a mental health evaluation with Dr. Scott Mabee no later than November 14. The order, effective immediately, noted that failure to comply with the evaluation would constitute good cause to change custody of the child. The court left custody of T.P. with Von Hell, but expressed concerns that the mother's mental health issues affected the child's best interests. The order also indicated that a new parenting plan was required after the evaluation was completed. Clerk's Papers at 41-43.

No appeal was taken from the October 17 order. Dr. Mabee conducted an evaluation. On December 13, 2016, the court entered a new parenting plan in accordance with the October 17 order. The new plan provided for Skype and telephone visitation between Parrish and T.P. At a review hearing four months later, the GAL advised the court that Von Hell had made false statements to Dr. Mabee, preventing a proper forensic evaluation. The GAL recommended that custody be given to Parrish. Parrish advised the court that Von Hell had not allowed the Skype and telephone contact directed in the December order.

The court found that adequate cause existed for a major modification of the parenting plan because of a substantial change in circumstances due to Ms. Von Hell not

3

complying with the forensic evaluation it had ordered.  Ms. Von Hell moved for

reconsideration, but the court denied the request on May 17, 2017.  Parrish filed an

amended petition to modify the parenting plan on May 19, 2017.  Two weeks later he

moved to vacate the December parenting plan and receive custody of T.P. until trial.

Ms. Von Hell appealed the adequate cause ruling and the denial of reconsideration

on June 5, 2017.  This court assigned cause no. 35331-1-III to that appeal.  Four days

later, the court entered an amended order finding adequate cause to hold a trial and

directing that the December parenting plan remain in place until trial.  Ms. Von Hell

appealed that order on June 27; this court assigned file number 35403-2-III to that appeal.

On August 11, 2017, the trial court granted temporary custody of T.P to Parrish.

This court granted a brief stay of that order pending trial the following month.  On

motion of Parrish, the trial court found Von Hell in contempt of court for failing to

comply with the December 2016 parenting plan and for moving to Wisconsin with the

child.  The court, on September 19, 2017, again granted temporary custody of T.P. to the

father.[1]  Trial was scheduled for October 16, 2017.  Ms. Von Hell appealed the

September order to this court, which assigned the matter cause no. 35590-0-III.

---

[1] It appears that the father retrieved T.P. in Wisconsin and now lives with the child
in West Virginia.

4

Trial was held in October, and a new parenting plan was entered October 17, 2017, that granted custody of T.P. to Parrish with Von Hell receiving visitation rights. No notice of appeal was taken from the trial.

This court consolidated the three appeals. Ms. Von Hell represents herself [2] in the appeal from the September 2017 temporary order, while she is represented by counsel in the other cases. A panel considered the cases without hearing oral argument.

ANALYSIS

We first address the argument, posed by the pro se appeal, that Washington courts did not have jurisdiction over the case due to the Alaska decree. We then address the trial court's authority to enter the temporary orders and to consider the modification of custody petition.[3]

*Washington Jurisdiction*

Ms. Von Hell argues pro se that Washington courts never obtained jurisdiction to modify the Alaska custody decree. We disagree. She and T.P. lived in this state, and she stipulated that Alaska no longer had jurisdiction. Under the terms of the Uniform Child

---

[2] To the extent that her brief addresses issues presented by the other appeals where she is represented by counsel, we ignore her arguments because there is no authorization for pro se briefs in a civil case.

[3] The parties do not address whether the results of the October 2017 trial have rendered moot any of these other issues, so we do not address that possibility.

Custody Jurisdiction and Enforcement Act (UCCJEA), ch. 26.27 RCW, Washington had jurisdiction over the case.

The UCCJEA is codified in chapter 26.27 RCW. As relevant here, RCW 26.27.221 permits a Washington court to modify an existing custody determination if it would have the jurisdiction to make an initial determination and either (a) the other state determines it no longer has jurisdiction or (b) the child and parents no longer live in the other state. In turn, an initial child custody determination can be made if, among other reasons, Washington is the home state of the child when the proceeding is filed. RCW 26.27.201(1)(a).

Washington thus had jurisdiction. Because T.P. lived in this state at the time of the modification petition, Washington could have exercised original jurisdiction. *Id*. Because neither T.P. nor his parents lived in Alaska at that time, Alaska no longer had exclusive jurisdiction. RCW 26.27.201(1)(b).

Washington properly had jurisdiction to entertain proceedings relating to the custody of T.P. Appellant's argument to the contrary is without merit.

*Authority to Modify*

In addition to the pro se lack of jurisdiction argument, appellant argues through counsel that the trial court lacked statutory authority to entertain the motions to change custody and for temporary custody. The trial court did have authority to act under the

statute and Ms. Von Hell's failure to challenge the October 17, 2016 modification

precludes her challenge.

The ability to modify a parenting plan is strictly controlled by statute. RCW

26.09.260 lists several different bases on which a parenting plan or custody ruling is

subject to modification. This court considers a challenge to a modification ruling under

well-settled standards. The modification order is reviewed for abuse of discretion. *In re*

*Marriage of Zigler*, 154 Wn. App. 803, 808, 226 P.3d 202, *review denied*, 169 Wn.2d

1015 (2010). Discretion is abused when it is exercised on untenable grounds or for

untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

There is a strong presumption against modification. *In re Marriage of McDole*, 122

Wn.2d 604, 610, 859 P.2d 1239 (1993).

Modification follows a two stage process. First, the party seeking modification

must establish adequate cause to alter the existing plan—typically that requires evidence

of a significant change of circumstances unknown at the time of the original parenting

plan. *Zigler*, 154 Wn. App. at 809. If adequate cause is established, the matter will

proceed to a hearing. *Id*.

RCW 26.09.260(1) provides in part that

the court shall not modify a prior custody decree or a parenting plan unless
it finds, upon the basis of facts that have arisen since the prior decree or
plan or that were unknown to the court at the time of the prior decree or
plan, that a substantial change has occurred in the circumstances of the

child or nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child.

In turn, RCW 26.09.260(2) states in part:

In applying these standards, the court shall retain the residential schedule established by the decree or parenting plan unless:
(a) The parents agree to the modification;
(b) The child has been integrated into the family of the petitioner with the consent of the other parent in substantial deviation from the parenting plan;
(c) The child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

Thus, modification is available when a substantial change in circumstances and the best interests of the child require it, and either (a) the parents agree, (b) the child has already integrated into another family, or (c) a detrimental environment dictates that change is necessary.[4] Parental behavior that is detrimental to the child's best interests can result in the court modifying terms of a parenting plan. RCW 26.09.191(3).

Ms. Von Hell argues that the December 13 order could not require her to undergo an evaluation because it expressly indicates that no limitations were required; she presents several derivative arguments that follow from that contention. All of the contentions fail because her primary problem is that it was the October 17 order, not the December 13 order, that directed her to complete the evaluation. That order is unchallenged and constitutes the law of this case. *In re Marriage of Trichak*, 72 Wn.

---

[4] Multiple prior contempt findings and criminal convictions for interfering with custody provide a fourth method for modification. RCW 26.09.260(2)(d).

8

App. 21, 23-24, 863 P.2d 585 (1993).  Any alleged deficiencies in the December 13 order, or in following up that order, are of no consequence because it is not the operative document.

The December 13 order was entered because the court did not know that Ms. Von Hell had failed to be candid with Dr. Mabee.  It was only after that information came to light that there was a basis to petition the court to vacate the December ruling and enforce the October ruling by setting the case for trial.  The October 17 finding that it was in the best interests of T.P. for his mother to have a mental health evaluation, and follow treatment recommendations, served as the basis for a major modification of the parenting plan once her duplicity was discovered.  Ms. Von Hell's mental health problems were a significant change in circumstances that provided adequate cause to reopen child custody.

The trial court had statutory authority to revisit the child custody arrangements. The court did not err in vacating the December 13 ruling and enforcing its October 17 ruling.  Appellant's arguments to the contrary are not availing.

*Attorney Fees*

Both parties seek attorney fees.  Under the UCCJEA:

> The court shall award the prevailing party, including a state, necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorneys' fees, investigative fees, expenses for witnesses, travel expenses, and child care during the course of the

proceedings, unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate.

RCW 26.27.511(1).

Here, the father is the prevailing party and is entitled to his fees on this appeal.

Our commissioner will consider a timely filed application. RAP 18.1.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, C.J.