FILED
7/27/2020
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STEPHANIE LYNNE MOFFETT, | No. 81398-6-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| DAVID BRANDON DANIEL JAMES, | UNPUBLISHED OPINION |
| Appellant. | |

CHUN, J. — After a bench trial, the trial court entered a final order and findings for a parenting plan, residential schedule, and child support for Stephanie Moffett and David James. The parenting plan awarded Moffett custody of their two children except on Wednesdays and every other weekend when James would have custody. James appeals. We affirm and award Moffett reasonable attorney fees and costs on appeal.

## I. BACKGROUND[1]

Moffett and James had two children. After the two separated, Moffett petitioned the Pierce County Superior Court for a parenting plan.

James filed a motion contending that (1) Troxel v. Granville[2] required the trial court to order "50/50 custody of the children," (2) the trial court had to

---

[1] We note that James's Opening Brief lacks any assignments of error and its statement of the facts contains very few citations to the record. See RAP 10.3(a)(4) (requiring assignments of error); 10.3(a)(5) (requiring reference to the record for each factual statement). Moffett notes that this made it difficult for her to respond.

[2] 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d. 49 (2000).

Citations and pin cites are based on the Westlaw online version of the cited material.

dismiss the child support proceedings "in response to the lawful fact under Executive Order 12953 that child support enforcement proceedings are for members of the uniform services and employees of the federal government,"[3] and (3) Moffett committed perjury. The trial court denied James's motion.

Following a bench trial, the court entered a final order and findings for a parenting plan, residential schedule, and child support. The parenting plan provided for the children to live with Moffett except on Wednesdays and every other weekend. James moved to vacate the plan, which motion the trial court denied. James appeals.

## II. ANALYSIS

### A. Troxel v. Granville

James argues that the United States Supreme Court's decision in Troxel provides that parents must receive equal custody over their children unless the children are in imminent danger. Moffett argues that Troxel does not apply because it is a nonparental custody case. We agree with Moffett.

In Troxel, the Supreme Court held unconstitutional a Washington statute that permitted any person to petition a superior court at any time for visitation rights to a child and allowed the court to grant visitation if it determined it was in the child's best interests. 530 U.S. at 60, 120 S. Ct. at 2057. The Court stated that parents have a fundamental right to make decisions regarding the care, custody, and control of their children. Id. at 66, 120 S. Ct. at 2060. The Court

---

[3] Most capitalization omitted.

determined that the statute interfered with this fundamental right because it permitted a court to "disregard and overturn *any* decision by a fit custodial parent concerning visitation whenever a third party affected by the decision files a visitation petition, based solely on the judge's determination of the child's best interests." Id. at 67, 120 S. Ct. at 2061. Contrary to James's assertion, the court did not hold that "in cases involving separation of the biological mother and father the state is without jurisdiction to deny their equal time with the children without making a finding that the involved child(ren) are in danger."

Additionally, the Washington Supreme Court has addressed Troxel and determined that while the strict scrutiny analysis from the case applies when dealing with the competing interests of biological parents and third parties, the analysis does not apply to cases involving the competing interests of two parents. In re Parentage of L.B., 155 Wn.2d 679, 710, 122 P.3d 161 (2005). As the case here concerns the competing interests of two parents, Troxel does not apply.

B. Jury Trial

James asserts that the trial court violated his procedural and substantive due process rights because it ordered him to pay child support in excess of $20 and did not provide a jury trial. We disagree.

We review de novo allegations of constitutional violations. State v. Lynch, 178 Wn.2d 487, 491, 309 P.3d 482 (2013).

The Seventh Amendment of the United States Constitution states, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. CONST. amend. VII. But "[t]he seventh amendment to the United States Constitution does not apply through the Fourteenth Amendment to the states in civil trials." Sofie v. Fibreboard Corp., 112 Wn.2d 636, 644, 771 P.2d 711 (1989). Thus, James's claim under the Seventh Amendment fails.

Our state constitution contains a provision similar to the Seventh Amendment, but without the monetary limitation:

> The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of the jury in civil cases where the consent of the parties interested is given thereto.

WASH. CONST. art. I, § 21. Our Supreme Court has interpreted this provision to require a jury trial only "where the civil action is purely legal in nature." Brown v. Safeway Stores, Inc., 94 Wn.2d 359, 365, 617 P.2d 704 (1980). "Conversely, where the action is purely equitable in nature, there is no right to a trial by jury." Brown, 94 Wn.2d at 365. Matters involving child support are equitable. In re Marriage of Lee, 57 Wn. App. 268, 271, 788 P.2d 564 (1990) (quoting Pippins v. Jankelson, 110 Wn.2d 475, 478-79, 754 P.2d 105 (1988))("'cases involving the welfare and maintenance of minor children . . . from their very nature, invoke the equitable powers of the court'"). Because, under our state constitution, there is

no right to a jury trial in custody disputes involving children, we reject James's argument.

C. Court's Finding of Problems with Drugs, Alcohol, and other Substances

James asserts that the trial court erred by making a finding relating to his use of "drugs, alcohol, or other substances and its effect on his parenting." Because James did not include a verbatim report of proceedings in the appellate record, we cannot review this issue.

In the parenting plan, the court found that "David Brandon Daniel James has a long-term problem with drugs, alcohol, or other substances that gets in the way of [his] ability to parent." In a letter to the parties, the court elaborated on this finding:

> Regarding substance abuse, Ms. Moffett testified that Mr. James would, primarily on holiday weekends, binge drink. She described certain episodes of his drinking. Evidence of a positive UA was admitted, with high scores. Mr. James acknowledged that event, a bachelor party, but denied any chronic problem. He did acknowledge that his parents had drug/alcohol problems. Based on the evidence presented, the Court does find that there is a basis for a restriction based on alcohol use.

When reviewing a parenting plan, "[w]e treat the trial court's findings of fact as verities on appeal so long as they are supported by substantial evidence." In re Marriage of Black, 188 Wn.2d 114, 127, 392 P.3d 1041 (2017). But because the trial court based its finding on trial testimony and James did not submit a verbatim report of proceedings (or any other report of the trial proceedings), we cannot review the testimony from the bench trial to determine whether substantial evidence supports the trial court's findings. Cf. State v.

Wade, 138 Wn.2d 460, 464-65, 979 P.2d 850 (1999) (determining court could not fairly assess how trial court exercised its discretion where it did not have a verbatim report of proceedings). "The party presenting an issue for review has the burden of providing an adequate record to establish such error." State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012). James represents himself in these proceedings; but we hold self-represented litigants to the same standard as attorneys. West v. Wash. Ass'n of County Officials, 162 Wn. App. 120, 137 n.13, 252 P.3d 406 (2011). For these reasons, we determine that this claim does not warrant relief.

   D. Virginia v. Rives[4]

   James's next argument is difficult to follow. It consists of two paragraphs:

> Perhaps the most simple question raised before this court is the previous Court's failure to apply Adjudicated Fact. The court erred in its decision to ignore the Adjudicated Fact [Rives] that judgments by persons not judges are absolutely void. See 64-66. [sic] Ashcraft's decision to ignore this Adjudicated Fact and to elevate a Commissioner of the Courts to a Judge's jurisdiction is a clear non ambiguous error.
>
> Ashcraft's failure to abide to federal law and Adjudicated Fact relieved him of jurisdiction over this case prior to trial. Albeit inexperience as he only has one year experience as a judge, or ignorance of never hearing an argument of this nature previously is irrelevant. The opposing counsel also had no objection to the Adjudicated Fact, it was Ashcraft himself who presented the bias and inarguable partiality.

   But Rives does not discuss the concept of adjudicated facts. Instead, the case concerned the attempt by two defendants to remove their case to federal court based on their claim that an all-white jury violated their due process rights.

---

[4] 100 U.S. 313, 25 L. Ed. 667 (1879).

100 U.S. at 314-15. The decision does not appear to have any application to the case before us.

James may be arguing that decisions made by a commissioner in his case are invalid, though he does not point to any specific commissioner decision. If he makes this argument, we reject it. Our state constitution grants superior court commissioners the authority "to perform like duties as a judge of the superior court at chambers." WASH. CONST. art. IV, § 23. This provision grants commissioners the "same powers which a judge at chambers had the right to exercise at the time of the adoption of the constitution," including hearing and determining "'all actions, causes, motions, demurrers, and other matters not requiring a trial by jury.'" State ex rel. Lockhart v. Claypool, 132 Wash. 374, 375-77, 232 P. 351 (1925) (quoting Code 1881, § 2138). And rulings by commissioners are subject to revision by superior court judges. RCW 2.24.050. Thus, we determine James's argument lacks merit.

E. Child Support Enforcement

James contends that "[t]he court erred in its decision to apply State Title IV-D Child Support Enforcement." James also asserts he "is not subject to Child Support Enforcement under section 203 of the Executive order 12953 and thereby this court must vacate the support order." Moffett argues that none of James's arguments relieve him from his obligation to pay child support. We agree with Moffett.

Washington law obligates both biological parents to support their children. In re Parentage of A.L., 185 Wn. App. 225, 236, 340 P.3d 260 (2014). "A parent's obligation for the care and support of [their] child is a basic tenet recognized in this state without reference to any particular statute." A.L., 185 Wn. App. at 236.

James argues that several federal laws do not apply to him and that therefore we must vacate the support order. But James fails to explain how any of the federal statutes he cites affect his obligation to pay child support under Washington law. Indeed, the federal laws James cites do not appear to have any impact on his obligation to pay child support. See 42 U.S.C. § 651 et seq.[5] (requiring state plans for child and spousal support to meet certain requirements); Exec. Order No. 12953 at Sec. 101, 60 Fed. Reg. 11013 (Feb. 28, 1995) (requiring federal agencies "to cooperate fully in efforts to establish paternity and child support orders and to enforce the collection of child and medical support"); 42 U.S.C. § 666 (requiring states to have statutorily prescribed procedures to improve effectiveness of child support enforcement). We reject James's claims.

F. Attorney Fees

Moffett contends that we should award her attorney fees because James's appeal is frivolous. James asserts that we lack the jurisdiction to award attorney

---

[5] It appears that this statute is what James refers to when he discusses Title IV-D Child Support Enforcement.

fees on appeal, but does not explain his argument. We award Moffett her attorney fees on appeal.

Under RAP 18.9(a), a party may receive an award of attorney fees for a frivolous appeal. Hanna v. Margitan, 193 Wn. App. 596, 614, 373 P.3d 300 (2016). We consider five factors when determining whether an appeal is frivolous:

> (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.

Espinoza v. Am. Commerce Ins. Co., 184 Wn. App. 176, 202, 336 P.3d 115 (2014) (quoting Griffin v. Draper, 32 Wn. App. 611, 616, 649 P.2d 123 (1982)).

Though we recognize that James has a right to an appeal, we determine that his appeal is frivolous. James's arguments about Troxel, Rives, the Seventh Amendment, and child support enforcement do not cite applicable law. James's argument under article 1, section 21 of our state constitution runs against well-established law that he did not address in his argument. James does not properly challenge the trial court's factual finding regarding his drug, alcohol, and substance use, nor does he provide an adequate record for us to review the claim. For these reasons, we determine that James's appeal raises no debatable issues on which reasonable minds might differ and are so devoid of merit that there is no

reasonable possibility of reversal. We award Moffett her reasonable attorney fees and costs on appeal subject to her compliance with RAP 18.1(d).

We affirm.

Chun, J.

WE CONCUR:

Andrus, A.C.J.

Appelwick, J.