[No. 11251-5-II.  Division Two.  March 28, 1989.]

*In the Matter of the Marriage of* KAREN E. COONS,
*Appellant, and* RICHARD H. COONS,
*Respondent.*

---

[3]*Cuyler v. Sullivan,* 446 U.S. 335, 347, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (1980).

*Richard T. Vlosich,* for appellant.

*Donald N. Powell* and *Overland & Powell,* for respondent.

PETRICH, J.—Karen Coons appeals the division of property and award of maintenance made in the legal separation proceeding from her husband, Richard Coons. We affirm.

Mrs. Coons, relying on RCW 26.09.140,[1] also requests an award of attorney's fees incurred in this appeal. That statute permits the appellate court, using its discretion, to order a party to pay the other party's costs and attorney's fees incurred in maintaining an appeal. In making the award, the court must balance the needs of the one party against the other party's ability to pay. *In re Marriage of Young,* 44 Wn. App. 533, 538, 723 P.2d 12 (1986). However, the party requesting the attorney's fees under RCW 26.09.140 must make a present showing of need to support the award. *In re Marriage of Konzen,* 103 Wn.2d 470, 478, 693 P.2d 97, *cert. denied,* 473 U.S. 906 (1985).

Mrs. Coons has not made a present showing of need. At the time of trial, which took place over 18 months ago, the trial judge anticipated an increase in Mrs. Coons's income.

---

[1] RCW 26.09.140 in pertinent part provides:

"Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorney's fees in addition to statutory costs."

Without some showing of the current financial resources of both parties, this court is unable to determine the need for and the ability to provide costs and attorney's fees on this appeal. Therefore, Mrs. Coons's request for attorney's fees is denied.[2]

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

ALEXANDER, C.J., and REED, J., concur.

---

[2]Because of the lapse of time between trial and the hearing on appeal, the record is of little assistance in determining the current need for an award of costs and attorney's fees on appeal. In this circumstance, we suggest that the party requesting costs and attorney's fees file with the clerk of this court, immediately prior to oral argument, an affidavit setting forth facts supporting a determination of financial need and an ability to pay. If the uncontroverted facts demonstrate a need and an ability to pay, this court would be in a position to make a fair and reasonable award. However, if the pertinent facts are controverted, then this court may remand the matter to the trial court for a resolution of the factual dispute and a determination of the award of costs and fees on appeal.