[No. 26103-7-I.   Division One.   August 26, 1991.]

*In the Matter of the Marriage of* DAVID F. NELSON, *Respondent, and* DIANE K. NELSON, *Appellant.*

*M. Kathryn Lee,* for appellant.

*James Hoogestraat,* for respondent.

KENNEDY, J. — Diane Grossman appeals the denial of her motion for revision of a commissioner's ruling denying her request for attorney fees. Finding that in her child support enforcement action Ms. Grossman was a prevailing party as that term is used in RCW 26.18.160, and finding the record incomplete regarding her claim for attorney fees in her modification action, we reverse and remand to the trial court.

## I

Diane Grossman and David Nelson are former husband and wife. Pursuant to the decree dissolving their marriage, Ms. Grossman was awarded custody of the parties' three then-dependent children, Paula, Victor and Carrie. Pursuant to a 1986 modification of the decree entered after Paula became emancipated, and which governed the period at issue in the present case, Mr. Nelson was required to pay $315 per month to Ms. Grossman for the support of Victor and Carrie. In April 1988, Victor began residing with his father. Carrie remained with her mother. Mr. Nelson ceased to pay child support to Ms. Grossman at this time.

On March 3, 1989, Ms. Grossman filed a petition for modification of child support. The petition requested that support be recalculated according to the "Uniform Child Support Guidelines,"[1] accounting for the fact that each parent currently had a resident minor child. As calculated by Ms. Grossman, using estimates of her ex-husband's income, the transfer payment was to be $68.64 per month. Under the section concerning the payment of child support currently in effect, Ms. Grossman's petition noted that the support amount had originally been set at $315 per month, but that "support has not been paid because each party had one child living with him/her and father had an income reduction."

On May 3, 1989, Ms. Grossman filed an amended petition for modification of child support, again asking that support be set according to the "Uniform Child Support Guidelines" and awarded "retroactive to March 1, 1989" but recalculated to be $500 per month. In this amended petition, Ms. Grossman again acknowledged that no payments had been made on the previously ordered support because each parent had custody of one child.

On the same day, Ms. Grossman also filed a motion for order to show cause requesting that Mr. Nelson be held in contempt of court for not making court-ordered child support payments, that judgment be entered for past-due support, and that judgment be entered for attorney fees for bringing the motion. On May 4, 1989, the court ordered Mr. Nelson to appear in court to show cause on these issues.

Mr. Nelson filed his response on June 9, 1989, claiming that the parties were currently paying no support because of an agreement between the parties executed when Victor moved in with him. Mr. Nelson also requested that support be set according to the "child support guidelines".

On July 21, 1989, a hearing, on affidavits only, was held before a commissioner of the Whatcom County

---

[1]The record establishes that Ms. Grossman intended to base her request on the Washington State Child Support Schedule. The ASCJ Uniform Child Support Guidelines were no longer in effect at the time these proceedings were commenced.

Superior Court. The commissioner issued a determination on October 5, 1989, that the "Uniform Child Support Guidelines" should govern, that the previous child support order should be modified and that support payments should be awarded to Ms. Grossman for the future support of Carrie.[2] The commissioner also determined that there was no agreement between the parties waiving payments in April of 1988 and awarded arrearages calculated at $161.36 per month from April 1988 for Carrie's support.[3] This amount allowed for an equitable offset for Victor's support, since he had been residing with his father during the period of delinquency in the support payments.[4] This determination was not appealed by either party.

In making his ruling, the commissioner declined to award attorney fees either for the enforcement proceeding or for the modification request, and on October 11, 1989, Ms. Grossman petitioned the Whatcom County Superior Court for revision of this part of the order. On November 14, 1989, Judge David Nichols of the Whatcom County Superior Court remanded the action to the commissioner for determination of the "prevailing party" under RCW 26.18.160 in order to determine whether attorney fees should have been awarded to Ms. Grossman for the enforcement action.

On February 13, 1990, the commissioner issued his order on remand, finding that both parties had prevailed on major issues, that neither of the parties was a "prevailing party" within the scope of RCW 26.18.160 and, therefore, that attorney fees should not be awarded. On March

---

[2]The future support for Carrie was set in accord with the Washington State Child Support Schedule. See footnote 1.

[3]Such an agreement would not be binding in any event as it would violate public policy of concern for the child's welfare. *See Hartman v. Smith,* 100 Wn.2d 766, 768, 674 P.2d 176 (1984).

[4]*See In re Marriage of Hunter,* 52 Wn. App. 265, 268, 758 P.2d 1019 (1988), *review denied,* 112 Wn.2d 1006 (1989). Although child support decrees cannot be modified retroactively, the commissioner below properly provided for an equitable offset in these circumstances.

7, 1990, Ms. Grossman filed a motion for further review of her request for revision. Judge Nichols denied Ms. Grossman's motion by order entered April 9, 1990. This appeal followed.

## II

RCW 26.18.160 entitles the prevailing party to a recovery of costs, including an award for attorney fees, in "any action to enforce a support order under this chapter". Appellant challenges the commissioner's finding that she was not a prevailing party and thus not entitled to attorney fees for her child support enforcement action.

The commissioner below found that neither party was a "prevailing party" under the terms of RCW 26.18.160. The statute itself clarifies the term "prevailing party" only to the extent of saying that an "obligor" cannot be considered a prevailing party unless the "obligee" has acted in bad faith. An examination of Washington case law has revealed no published opinions concerning the further definition of a "prevailing party" under the terms of this statute. However, there is case law governing the determination of a prevailing party with respect to other statutes governing attorney fees and costs, and we find this law persuasive in the instant case.

In *Sardam v. Morford*, 51 Wn. App. 908, 911, 756 P.2d 174 (1988), Division Three of this court held that the determination of what constitutes a "prevailing party" as that term is used in RCW 59.18.280 and RCW 4.84.330 is usually determined by which party receives a money judgment. *See also Silverdale Hotel Assocs. v. Lomas & Nettleton Co.*, 36 Wn. App. 762, 773-74, 677 P.2d 773, *review denied*, 101 Wn.2d 1021 (1984). However, where both parties prevail on major issues, neither is a "prevailing party" entitled to attorney fees. *Sardam*, 51 Wn. App. at 911.

Under our interpretation of the term "prevailing party", the record does not support the commissioner's conclusion that Ms. Grossman was not the prevailing party under RCW 26.18.160. In the present case, the appellant sought an award of child support arrearages.

Respondent denied that any arrearages were due because of an agreement between the parties concerning support payments supposedly entered into at the time that Victor went to live with his father. Although the commissioner offset the award of back child support to Ms. Grossman because of the living arrangement of the children, he did find that a money award was justified, and for the entire time claimed by Ms. Grossman. The commissioner specifically rejected the father's defense concerning an agreement between the parties in April 1988, and this finding has not been challenged. On these facts alone we would find that Ms. Grossman was the prevailing party in the enforcement action below.

Our conclusion is bolstered by the language of the statute itself which prohibits an obligor, in this case respondent Mr. Nelson, from being "considered a prevailing party under [RCW 26.18.160] unless the obligee has acted in bad faith". No bad faith was alleged in the present case. Therefore, although the respondent prevailed to the extent of the equitable offset, he cannot be considered a "prevailing party" under RCW 26.18.160 because appellant did not bring the enforcement proceeding in bad faith.

Under these circumstances, we find that Ms. Grossman was the only party to prevail on a major issue in the enforcement action, and therefore, was the prevailing party for purposes of RCW 26.18.160. Accordingly, an award of attorney fees is required for the enforcement action since the terms of RCW 26.18.160 are not discretionary. *See In re Marriage of Hunter*, 52 Wn. App. 265, 274, 758 P.2d 1019 (1988) ("We find that [appellant] is *entitled* to an award of attorney fees". Italics ours.), *review denied*, 112 Wn.2d 1006 (1989); *see also* RCW 26.18.160 ("the prevailing party is entitled to a recovery . . .").

Appellant also sought an award of attorney fees below for her request for modification of support pursuant to RCW 26.09.140, which allows the court to award attorney

fees to a party to a marriage dissolution or modification proceeding on the basis of need and ability to pay.

█ In making an award under this section, "the court must balance the needs of the one party against the other party's ability to pay." *In re Marriage of Coons*, 53 Wn. App. 721, 722, 770 P.2d 653 (1989) (citing *In re Marriage of Young*, 44 Wn. App. 533, 538, 723 P.2d 12 (1986)). By its language, this award is discretionary, and a decision governing an award under this section should not be overturned unless there is an abuse of discretion. *See* RCW 26.09.140; *Abel v. Abel*, 47 Wn.2d 816, 289 P.2d 724 (1955). Although no award was made under this section below, we are not able to state that the trial court exercised its discretion properly since we are unable to determine from the record whether the trial court balanced Ms. Grossman's need against Mr. Nelson's ability to pay.[5] It appears from the record that the appellant has need for attorney fees under this section, but the record is insufficient for a determination as to respondent's ability to pay. The court below should reconsider this issue on remand, and enter appropriate findings as to Ms. Grossman's need and Mr. Nelson's ability to pay.[6]

---

[5] Although the action was heard on affidavits only, the court proceedings, including arguments of counsel and colloquy between court and counsel, were tape recorded. However, parts of the tapes themselves were of such poor quality that a transcription was impossible. At oral argument for this appeal, the attorneys were unable to agree as to what if any discussions were had below regarding need and ability to pay. There are no findings as to need and ability to pay, but only a "finding" that the appellant requested an award of fees based on RCW 26.09.140 and a "conclusion" that her request was denied.

[6] Respondent contends that this court is without jurisdiction to consider RCW 26.09.140 as the basis for an award of attorney fees, because Judge Nichols' remand to the commissioner was limited to the "prevailing party" issue under RCW 26.18.160, and appellant did not appeal the denial of attorney fees under RCW 26.09.140 within 30 days after the date of Judge Nichols' remand. Respondent construes the trial court's failure to mention RCW 26.09.140 in its remand to the commissioner as a final decision on the merits of that claim, and argues that appellant was required to appeal these attorney fee issues in piecemeal fashion. We disagree. RAP 2.2(d) provides:

In any case with . . . multiple claims for relief . . . an appeal may be taken from a final judgment which does not dispose of all of the claims . . . but only

In conclusion, the court below erred by not awarding attorney fees to appellant as the prevailing party in her enforcement action and the record does not reflect that the commissioner fully considered appellant's request for attorney fees under RCW 26.09.140 in her modification action. We therefore reverse and remand this case to the trial court for an award of attorney fees to appellant for the enforcement action under RCW 26.18.160, and for a determination of whether fees should be awarded for the modification action under RCW 26.09.140.

Since appellant was successful in this appeal, she also is entitled to an award of attorney fees on appeal pursuant to RAP 18.1, RCW 26.18.160 and if appropriate need is demonstrated, RCW 26.09.140. Her attorney is requested to file the appropriate financial affidavits with this court as required by RAP 18.1 as amended effective September 1, 1990.

PEKELIS and AGID, JJ., concur.

---

after an express direction by the trial court for entry of judgment and an express determination in the judgment, supported by written findings, that there is no just reason for delay. . . . In the absence of the required findings, determination and direction, a judgment that adjudicates less than all the claims . . . is subject only to discretionary review until the entry of a final judgment adjudicating all the claims[.]

Appellant's motion for revision of the commissioner's ruling was timely filed and was not finally adjudicated until Judge Nichols declined to review the commissioner's ruling following the remand. There was no express determination, finding and direction of no just reason for delay by either the commissioner or Judge Nichols in the proceedings below. Accordingly, the appellant's appeal of the RCW 26.09.140 issue was timely joined with her appeal of the RCW 26.18.160 issue.