**FILED**
**DECEMBER 4, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 35702-3-III |
| | ) | |
| SHANNON MARIE LANGFORD, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| CHAD FRANKLIN LANGFORD, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Chad Langford filed a motion to reduce his child support payment following a change in his employment. The court commissioner granted a deviation in the form of a residential credit below what the court determined to be the standard child support amount.

Mr. Langford claims the court commissioner erred by relying on the previous child support order, by not considering the income of the mother's live-in partner, and by not apportioning the support obligation between both parents. He also claims the

commissioner's decision was the result of implicit gender bias. Finding no abuse of discretion or bias, we affirm.

## FACTS

Chad Langford and Shannon Langford have two minor children from their prior marriage. They have equal residential time with the children. The initial child support order set Mr. Langford's monthly child support obligation at $1,449.36.

In late 2016, Mr. Langford's company of 15 years went out of business. Because he was self-employed, he was ineligible for unemployment.

Mr. Langford filed a petition to modify child support on December 2, 2016, due to loss of employment. The parties entered into a written stipulation to suspend child support payments, effective December 1, 2016. In the stipulation, Ms. Langford reserved the right to argue back support from the time of suspension. Mr. Langford found employment in March 2017.

On June 29, 2017, Ms. Langford filed a motion to reinstate child support. On June 30, Mr. Langford filed a motion to adjust the child support order. The matter was heard in September 2017.

The court commissioner determined that the standard calculation for child support would require Mr. Langford to pay monthly child support of $1,217.11. The commissioner then granted a deviation due to the parties' shared custody arrangement. It set Mr. Langford's monthly obligation at $900.00 and ordered him to pay back support from December 2016.

Mr. Langford filed a motion for reconsideration. The commissioner denied the motion in part. In granting some relief, the commissioner ordered back support to start in March, when Mr. Langford obtained employment. The commissioner thereafter entered written findings of fact and conclusions of law.

Mr. Langford appeals.

## ANALYSIS

This court reviews a decision setting child support for an abuse of discretion. *In re Marriage of Fiorito*, 112 Wn. App. 657, 663, 50 P.3d 298 (2002). A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *Id.* at 663-64.

A.    CONSIDERATION OF ORIGINAL CHILD SUPPORT RULING

Mr. Langford contends that the court commissioner improperly considered the trial court's original child support ruling. He cites no authority that prohibits a court from

considering the original child support ruling. When a party does not provide a citation to support an assertion, courts may assume that counsel made a diligent search and no such authority exists. *State v. Arredondo*, 188 Wn.2d 244, 262, 394 P.3d 348 (2017).

Moreover, the statute provides that "[r]easons for deviation from the standard calculation include *but are not limited to the following . . . .*" RCW 26.19.075(1) (emphasis added). This language demonstrates that the factors to be considered when making a deviation are not exhaustive, and a court could consider a prior child support ruling in the case when calculating a deviation. We conclude that the commissioner did not abuse its discretion when considering the original child support ruling.

B.     CONSIDERATION OF LIVE-IN PARTNER'S INCOME

Mr. Langford contends that the court commissioner failed to consider the income of Ms. Langford's live-in partner and, therefore, erred by not granting the full extent of Mr. Langford's requested deviation.

RCW 26.19.075(2) provides that all income and resources of the parties, new spouses or domestic partners, or other adults in the households shall be disclosed, and the court must consider such income when deciding whether to deviate from the standard calculation.

Ms. Langford responds that her partner's income was considered by the commissioner in making the child support determination because his earnings statement was disclosed to the commissioner. The earnings statement demonstrates that her partner's net earnings were $602.56 for the week of July 12, 2017, or roughly $2,700.00 per month. But in the commissioner's written findings and conclusions, the commissioner did not explain how that income factored into its determination of its child support calculation.

Nonetheless, we reject Mr. Langford's argument that the court commissioner abused its discretion by failing to consider the income of Ms. Langford's partner. The income of Ms. Langford's partner was disclosed and was also discussed twice during closing argument. RCW 26.19.075(2) merely requires that the other income be disclosed and considered. RCW 26.19.075(4) grants the trial court discretion in determining how much weight to give the various factors that must be considered.

Here, the court commissioner detailed its reasons for the child support award. The commissioner noted that Mr. Langford had not shown an effort to reduce his monthly expenses as demonstrated by his vehicle ($931.30), housing ($2,549.31), and voluntary retirement contributions ($1,500.00). The commissioner also found that Mr. Langford had not shown that having the children one-half of the time would substantially increase

his costs to support them. The commissioner then reduced the child support amount from the standard calculation of $1,217.11 to $900.00 and awarded back support only from when Mr. Langford found employment. We note that the commissioner's ruling required Ms. Langford to incur the full cost of supporting the parties' two children for three months from December 2016 until March 2017. We find no abuse of discretion.

C.      NO IMPLICIT BIAS

Mr. Langford contends that the court commissioner's ruling was unfavorable to him because of gender bias and had the genders of the parties been reversed, the commissioner would have awarded a much greater deviation.

Mr. Langford is not raising an equal protection challenge under the Fourteenth Amendment to the United States Constitution. Thus, we do not address the merits of such a challenge. Instead, he claims that implicit bias—unconscious bias that affects a person's beliefs, attitudes, and judgments—affected the commissioner's ruling.

Our review of the record shows no evidence of implicit gender bias, aside from Mr. Langford's displeasure with the amount of his new child support obligation. This is insufficient, especially considering that the commissioner's ruling required Ms. Langford to be solely responsible for supporting the parties' two children for three months.

D.      APPORTIONMENT OF SUPPORT OBLIGATION BETWEEN BOTH PARENTS

Mr. Langford argues that the court erred by failing to apportion the support

obligation between *both* parents. He contends that the court calculated his basic child

support obligation of $1,217.11, but failed to reduce this amount by Ms. Langford's basic

child support obligation of $746.89. Mr. Langford's argument is an attempt to have us

apply the rule for calculating split residential child support to his shared residential child

support situation. As explained below, this is not proper.

*In re Marriage of Arvey*, 77 Wn. App. 817, 894 P.2d 1346 (1995) pronounced a

rule for calculating the child support obligation for parents with split residential

schedules. A split residential schedule is where one parent has primary residential

placement of one or more children, while the other parent has primary residential

placement of one or more children.

The rule requires the court to first calculate the parents' total child support

obligation. *Id.* at 825. Next, the court calculates each parent's basic child support

obligation by multiplying the total child support obligation by each parent's proportional

share of income. *Id.* Next, the court adjusts for split custody by dividing each parent's

basic child support obligation by the number of children over which they have primary

responsibility. *Id.* To the extent that one parent's adjusted obligation is greater than the

other parent's adjusted obligation, the difference is the split custody child support

obligation. *Id.*[1]

However, the Washington Supreme Court determined that the *Arvey* split

residential formula was not applicable to shared residential situations. *State ex rel.*

*M.M.G. v. Graham*, 159 Wn.2d 623, 635, 152 P.3d 1005 (2007). The court gave two

reasons for rejecting the *Arvey* formula for shared residential situations. First, the

burdens of parents in split residential situations—where each parent is responsible for

children of different ages and needs—are distinct from the burdens in shared residential

situations. *Id.* at 635-36. Second, RCW 26.19.075 gives the trial court discretion to

deviate from the standard calculation based on a variety of factors, one being the amount

of residential time spent with the child. *M.M.G.*, 159 Wn.2d at 636.

Therefore, contrary to Mr. Langford's contention, the court was not required to net

out Ms. Langford's basic child support obligation. The court was required to consider the

standard calculation, $1,217.11, which it did. The court was then required to determine

whether a deviation was appropriate, considering (1) Mr. Langford's increased expenses,

if any, attributable to the children spending additional time with him, (2) Ms. Langford's

---

[1] The *Arvey* court provided two examples of how the calculations are done. *Arvey*, 77 Wn. App. at 825-26.

decreased expenses, if any, attributable to the children spending less time with her, and (3) whether the deviation would allow each household to have sufficient support for the children's basic needs. RCW 26.19.075(1). The findings and conclusions show that the commissioner did exactly this. We find no abuse of discretion.

      E.      ATTORNEY FEES

In accordance with RCW 26.09.140, Ms. Langford requests that we award her reasonable attorney fees on appeal. That statute permits this court, in its discretion, to "order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs." RCW 26.09.140. "In making the award, the court must balance the needs of the one party against the other party's ability to pay." *In re Marriage of Coons*, 53 Wn. App. 721, 722, 770 P.2d 653 (1989). The party seeking an award must make a present showing of need. *Id.* Ms. Langford contends that she earns much less than Mr. Langford, that she lives frugally, but Mr. Langford does not.

After Mr. Langford makes the monthly transfer payment to Ms. Langford, their respective incomes are nearly equal. We exercise our discretion and deny Ms. Langford's request for attorney fees.

9

No. 35702-3-III
*Marr. of Langford*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.                    Pennell, J.