

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of, | ) | |
| | ) | No. 35795-3-III |
| ALICIA ANNE MARROQUIN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RAUL MARROQUIN, JR., | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — Raul Marroquin Jr. appeals from a decree of marital dissolution, arguing on procedural and substantive grounds that the trial court erred in failing to grant a deviation in his child support obligation. We affirm.

FACTS

Raul and Alicia Marroquin dissolved their marriage after three years. They had one child. Mediation resolved most of the issues arising from the dissolution. The mediation settlement, however, reserved the issue of whether Raul was entitled to a deviation from the standard support obligation due to residential schedule, stating that it

"shall be litigated." Clerk's Papers (CP) at 205. The parenting plan assigned Raul 39 percent of the child's residential time.

At the court's request, both counsel met with the trial judge at an ex parte docket. Raul requested a trial on the deviation issue. The judge informed the parties that he would not take testimony on the deviation issue, but would consider any declarations submitted with briefing. Alicia then noted a motion to enter the final child support order, without Raul's requested deviation, on a motion docket. Raul responded by filing a proposed pretrial order. His counsel sent a letter with the pretrial order and objected to the matter being heard on the motion docket.

The following day the court entered a pretrial order that concluded live testimony was not necessary. The court directed Raul to brief his request for a downward deviation and authorized Alicia to respond to it. The next day Raul's counsel submitted a revised order recognizing that his request to "litigate" the deviation had been denied and would be decided on the motion docket. Alicia's counsel objected to the proposed order, arguing that any dispute about the meaning of "litigate" had to be heard at arbitration. Raul responded by letter saying he would attend arbitration if required to do so. He also continued to object to having the deviation request heard on the motion docket.

Both parties filed affidavits along with memoranda in support of their position. The court heard oral argument on the issue. The court then entered an order dissolving

the marriage and applying the settlement agreement. The court then entered a child

support order that denied the deviation request and required Raul to pay standard child

support in accordance with the support calculation worksheets. The basis for denying the

request was the impact on Alicia.

Raul appealed to this court. A panel considered his appeal without hearing

argument.

ANALYSIS

Raul presents two procedural and one substantive challenge to the court's order.[1]

We consider first his claims that he was denied due process and his public trial rights

before turning to his argument that the court erred in denying his deviation request.

*Procedural Due Process*

Mr. Marroquin first argues that he had a due process right to "litigate" his

deviation request by presenting live testimony. He fails to establish a due process right in

this context.

Child support is set by a statutory scheme that divides the support obligation

proportionately to the parents' respective income levels. RCW 26.19.001, .080(1). The

---

[1] Respondent contends that the due process claim is foreclosed by the failure to arbitrate the meaning of "litigate." She did not cross-appeal on this issue, nor assign error to any ruling by the trial court, but apparently is presenting this argument as an alternative basis for affirmance. *See* RAP 2.5(a). Since the issue was not developed in the trial court, we are not in a position to further consider this argument. *Id*.

statutes allow the trial court to deviate from the standard schedule and provide a nonexclusive list of reasons for deviation. RCW 26.19.075. One of those reasons, relied on by Mr. Marroquin, is that the residential schedule leaves the child with the obligor parent for "a significant amount of time." RCW 26.19.075(1)(d). The statute provides that this factor can justify a deviation if it drives up the costs of the obligor parent or reduces the costs of the parent receiving support. *Id*. The court must enter findings explaining its reason for granting or denying a deviation. RCW 26.19.075(3).

Mr. Marroquin claims a due process right to enforce this statute by live testimony. He relies on the familiar *Mathews* three-part balancing test:

> [F]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

The first factor—the private interest affected by government action—is the obligor parent's ability to seek a reduction in child support payments. Mr. Marroquin wrongly references his right to raise his child as the interest at stake. It is not. The question presented is whether he should be allowed to *reduce* his support payment for his child. Since it is his statutory right, as obligor parent, to seek a reduction in support, this factor

may slightly favor Mr. Marroquin. However, the statute does not specifically provide for live testimony, although neither does it prohibit the practice.

The second factor, which involves an assessment of the risk of erroneous deprivation of the right to seek a reduction, does not favor the appellant. He was permitted to present his evidence and argument and respond to the other side's argument. He does not explain what evidence he would have been able to present via live testimony that he was not able to present in writing.[2] In short, he has not demonstrated that live testimony would prevent a wrongful denial of his deviation request.

The final factor, the cost of the change to the government, slightly weighs against Mr. Marroquin. Presumably live testimony would have added to the time needed to conduct the hearing, but we have no information on how much additional time the court would have needed to hear the evidence since there was no proffer concerning that matter. The court did not have a blanket policy in all cases against hearing testimony, so it does not appear that the cost was likely to be significant in any particular case. Still, this factor weighs against the appellant.

---

[2] There is some indication in our record that he desired to cross-examine Alicia about her expenses. However, any such testimony appears to be irrelevant to the question of whether or not the child's time with Raul reduced her expenses in any significant degree. Her financial information was already before the trial court, as was his, and could be argued from that standpoint if there was any relevancy to the topic.

No. 35795-3-III
*In re Marriage of Marroquin*

On balance, Mr. Marroquin has not established a due process right to present live testimony in support of his request to deviate from the support guidelines.[3] He did not demonstrate that his statutory right was unduly limited by the process of providing written evidence. He was not denied due process of law.

*Public Trial*

He next argues, in a rather cursory fashion, that his right to a public trial was erroneously limited by the court. This argument fails for multiple[4] reasons, but we need only address one of them. Appellant failed to establish that he was harmed.

Article I, § 10, adopted during our 1889 constitutional convention, reads now as it did then:

> **ADMINISTRATION OF JUSTICE.** Justice in all cases shall be administered openly, and without unnecessary delay.

"All cases" means *all* cases. This provision applies equally to civil and criminal cases. *In re Det. of Reyes*, 184 Wn.2d 340, 344, 358 P.3d 394 (2015). Unlike criminal cases, violation of this provision in a civil case does not constitute structural error entitling a

---

[3] Although not a factor in our analysis, we also note that our civil rules leave the conduct of trial to the judge. CR 43(a)(1) (providing for live testimony in the courtroom "unless otherwise directed by the court").

[4] We strongly caution against reading this opinion as an endorsement of the view that the public trial right attached to what appears to be a calendaring ruling, let alone that the court's action amounted to a hearing that needed to be held in the courtroom. *See generally* Wash. Const. art. IV, § 23; *In re Det. of Reyes*, 176 Wn. App. 821, 830-834, 315 P.3d 532 (2013), *aff'd*, 184 Wn.2d 340, 358 P.3d 394 (2015).

6

party to a new trial. *Id*. at 345-348. Instead, a public trial error in a civil case requires a demonstration of harm in order to establish a remedy for that harm. *Id*. at 348.

As noted in the previous section, Mr. Marroquin did not establish a due process right to present live testimony in support of his request for a deviation. Thus, even if the decision to not hear testimony should have been announced in a courtroom, appellant cannot demonstrate any harm from that error since he had no right to present the testimony. There was no substantive harm from the ruling.

Our state right to a public trial does not require reversal of the trial court's ruling on the deviation request.

*Deviation Request*

Mr. Marroquin also argues that the trial court erred in denying his request. The trial court did not abuse its discretion.

We review the court's deviation ruling for abuse of discretion. RCW 26.19.075(4); *In re Marriage of Rusch*, 124 Wn. App. 226, 236, 98 P.3d 1216 (2004), *overruled in part on other grounds by In re Marriage of McCausland*, 159 Wn.2d 607, 152 P.3d 1013 (2007). Discretion is abused when exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

As noted earlier, a deviation from standard support due to child custody is only justified when the amount of shared custody results in additional expenses to one parent

or reduced expenses to the other.  RCW 26.19.075(1)(d).  Even when justified, a deviation can be denied for various reasons, including the fact that the deviation would leave the primary custodial spouse with insufficient income to support the child.  *Id.* That was the basis for the trial court's ruling here.

The record supports that ruling.  The financial worksheets indicate that respondent has less income and less surplus from that income than appellant.  Her obligation to meet their child's needs would be impacted if the deviation was granted.  That determination was a tenable reason to reject the deviation.

Nor was it a surprising decision.  Many expenses of child raising are fixed costs that are not reduced by time spent away from the child's home.  In the absence of evidence of inordinate additional expense to the obligor parent, or of significant savings to the primary custodian, deviations based solely on shared custody typically will fail.

The trial court did not abuse its discretion in denying the request.

*Attorney Fees*

Both sides request attorney fees.  Since Alicia has demonstrated need and is the prevailing party, we award her attorney fees on appeal conditioned upon timely proof of her expenses to our commissioner.

RCW 26.09.140 permits both the trial and appellate courts, in their discretion, to award fees largely in accordance with need and the other side's ability to pay, which provides in relevant part:

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorneys' fees or other professional fees in connection therewith, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceedings after entry of judgment.
> Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs.

The key word in the statute for the purposes of this appeal is *may.* Parties are not entitled to fees as a matter of right. *In re Marriage of Harrington*, 85 Wn. App. 613, 635-636, 935 P.2d 1357 (1997). Decisions whether to award fees under this statute are reviewed for abuse of discretion. *See In re Marriage of Nelson*, 62 Wn. App. 515, 521, 814 P.2d 1208 (1991).

We believe the equities favor Alicia here and exercise our discretion in her favor. She has demonstrated a need and is here on appeal solely as a respondent defending against an effort to reduce child support. Accordingly, we grant her request, conditioned upon her timely filing of a cost bill demonstrating her attorney fee costs on appeal. Our commissioner will resolve any dispute concerning the reasonableness of the fees.

No. 35795-3-III
*In re Marriage of Marroquin*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.