IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Marriage of<br>ALEXA INGRAM-CAUCHI,<br><br>    Appellant,<br><br>  and<br><br>STEVEN STOUT,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 78571-1-I<br><br><br>UNPUBLISHED OPINION<br><br><br><br>FILED: September 23, 2019 |

SCHINDLER, J. — This is the second appeal in this case. In In re Marriage of Ingram-Cauchi, No. 73466-1-I (Wash. Ct. App. Oct. 31, 2016), http://www.courts.wa. gov/opinions/pdf/734661.pdf, review denied, 187 Wn.2d 1030, 391 P.3d 455 (2017), we reversed the trial court order denying the request of Alexa Ingram-Cauchi to relocate with the children to California, vacated the parenting plan and the award of attorney fees to Steven Stout, and remanded. On remand, the court entered a parenting plan and awarded Steve[1] attorney fees. Alexa appeals the judgment and order awarding attorney fees. Because the court had the authority on remand to award fees and the court did not abuse its discretion in awarding Steve two-thirds of the attorney fees incurred in the 2015 trial, we affirm.

---

[1] We refer to Alexa Ingram-Cauchi and Steven "Steve" Stout by their first names for purposes of clarity and mean no disrespect by doing so.

## Authority on Remand

Alexa contends the trial court exceeded the scope of the remand by addressing Steve's request for an award of attorney fees under RCW 26.09.140.

In the first appeal, Alexa argued the court abused its discretion by awarding attorney fees to Steve under RCW 26.09.140. Specifically, Alexa argued the court did not make a finding of his financial need except to note that "it does not seem equitable that he should pay attorneys' fees that are higher than his annual income to defend this action." We concluded the trial court erred in awarding fees to Steve under RCW 26.09.140 without making a finding of financial need. The opinion states:

> Under RCW 26.09.140, a trial court has the discretion to award reasonable attorney fees in a child relocation matter. But the decision to award attorney fees under RCW 26.09.140 must be "based upon a consideration that balances the needs of the spouse seeking fees against the ability of the other spouse to pay." In re Marriage of Moody, 137 Wn.2d 979, 994, 976 P.2d 1240 (1999). Here, neither party filed a financial declaration. The court found there is "no question that mother has the financial ability to pay" but had no basis to address the financial need of Steve.

Ingram-Cauchi, No. 73466-1-I, slip op. at 33.[2] We conclude the court did not exceed the scope of its authority on remand by determining whether Steve met his burden of showing financial need and whether to award attorney fees under RCW 26.09.140.

## Award of Attorney Fees

On remand, the trial court considered Steve's request for $150,000 in attorney fees incurred in the relocation trial and his request for an award of approximately $30,000 in additional fees and costs incurred following the remand. The court awarded Steve $100,000 in attorney fees incurred in the 2015 relocation trial. The trial court

---

[2] Steve filed a motion for reconsideration of the decision. Alexa filed an answer. Neither party mentioned the decision on attorney fees.

denied Steve's request for attorney fees and costs following the remand.

Alexa contends substantial evidence does not support the trial court's findings. RCW 26.09.140 allows the trial court to award attorney fees after considering the financial resources of both parties. In re Marriage of McNaught, 189 Wn. App. 545, 568, 359 P.3d 811 (2015). In considering financial resources of the parties, the court must balance the needs of the requesting party against the other party's ability to pay. In re Marriage of Kaplan, 4 Wn. App. 2d 466, 488, 421 P.3d 1046, review denied, 191 Wn.2d 1025, 428 P.3d 1184 (2018). " '[A]fter considering the financial resources of both parties,' the court may order a party to pay a 'reasonable amount' of the costs and attorney fees of the other party." In re Marriage of Rostrom, 184 Wn. App. 744, 764, 339 P.3d 185 (2014) (quoting RCW 26.09.140).

We review the trial court decision to award attorney fees under RCW 26.09.140 for abuse of discretion. Rostrom, 184 Wn. App. at 764. An award of attorney fees under RCW 26.09.140 "is discretionary and should not be reversed absent an abuse of discretion." In re Marriage of Trichak, 72 Wn. App. 21, 26, 863 P.2d 585 (1993). A trial court abuses its discretion "when it makes a manifestly unreasonable decision or bases its decision on untenable grounds or untenable reasons." McNaught, 189 Wn. App. at 552.

> A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.

In re Marriage of Littlefield, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997). Unchallenged findings of facts are treated as verities on appeal if supported by substantial evidence.

In re Marriage of Chandola, 180 Wn.2d 632, 642, 327 P.3d 644 (2014); In re Marriage of Anthony, No. 79065-0-I, slip op. at 9 (Wash Ct. App. July 1, 2019), http://www.courts.wa.gov/opinions/pdf/790650.pdf.

Preliminarily, we conclude substantial evidence does not support the court finding that "the disparity between the parties['] income will always disadvantage the father in litigation unless mother pays some of his fees. There is no incentive for mother to resolve matters outside of court"; and that "[a]dditionally, mother filed this relocation case with intention of moving with the children to California. In order to continue living in the same city as his children, father had no choice but to vigorously defend his position."

First, the findings disregard Alexa's appeal and the decision to reverse denial of her request to relocate to California. The unchallenged findings also establish that on remand, Alexa agreed to engage in mediation on the terms of the parenting plan. Second, the findings are contrary to the unchallenged findings in a previous order that state:

> The court does not find that Petitioner was trying to interfere in bad faith with the relationship between father and his children. The court heard testimony regarding the increased business demands and found the Petitioner credible in her testimony regarding the additional demands placed on her. Hence, the court does not find that her intent in filing the relocation was to interfere in bad faith or to harass Respondent.
> . . . Both parties were represented by experienced counsel who chose to file a variety of motions, depose witnesses and respond to discovery in the manner that best met their client's needs.

Third, Steve concedes that absent a showing of financial need, the court's finding on income disparity is insufficient to support an award of attorney fees under RCW 26.09.140.

4

In reviewing the decision to award attorney fees under RCW 26.09.140, we consider whether substantial evidence supports the finding of financial need, whether the trial court considered the financial resources of both parties, and whether the court balanced "the needs of the requesting party against the other party's ability to pay." In re Marriage of Laidlaw, 2 Wn. App. 2d 381, 393, 409 P.3d 1184, review denied, 190 Wn.2d 1022, 418 P.3d 801 (2018); Kaplan, 4 Wn. App. 2d at 488. The findings must show the court considered "the financial need and ability to pay of the parties in light of the financial affidavits, declarations, and trial testimony." Laidlaw, 2 Wn. App. 2d at 393.

Alexa argues that "there was no substantial evidence to support a finding of financial need." Steve argues the findings of financial need support the award of attorney fees. The findings establish the trial court on remand considered the financial declaration and documents Steve filed in April 2015 to verify the testimony at trial about his earnings and financial resources. Unchallenged finding of fact 3 of the May 2018 "Judgment, Findings and Order on Respondent's Trial Request for Attorney's Fees" states:

> At the relocation trial, the father testified he made approximately $108,000 in 2012, $113,000 in 2013 and $119,000 in 2014. He also testified he sold half of the Alta property he owned for $260,000. He also owned a condo in Seattle that he received as part of the dissolution (valued at $325,000 at that time). The court has also considered the sealed financial source documents originally filed on April 15, 2015. These included father's 2012 and 2013 tax documents among other financial documents. His financial declaration and these tax documents confirm this testimony. The 2015 financial declaration indicated a monthly income of $8,790 and monthly expenses of $8,568.

The court considered the earnings and financial resources of Alexa. Unchallenged finding of fact 4 states:

Mother earned $519,055 in 2013 with adjusted gross income of

$11,214,430 (as a result of selling a portion of the company). Her salary draw in 2014 was approximately $200,000 a year. At trial, mother testified to owning 20% of iD Tech which both mother and Pete Ingram-Cauchi, another co-founder, testified made approximately $55 million last year. Hence, a rough estimate of her share would be $11 million. Mother testified to her recent purchase of land in California for $2.3 million, her co-ownership of a home with her parents in California, and her ownership of two properties in Washington, one of which is the family home valued at $885,000 at time of dissolution. Mother clearly has the ability to pay and the Court of Appeals affirmed that finding.

Alexa challenges finding of fact 6:

Back in 2012, the court divided the property in a fair and equitable manner. The fact that a party leaves the marriage with some resources is not a basis to find no financial need in a later relocation trial. Here, father's financial declaration demonstrates his annual income and his expenses. There is little money remaining after each month. Although he certainly has some money in investments, he is not in the position to liberally add another expense such as attorney's fees.

Alexa contends the court erred in not taking into consideration the financial resources and contributions of Steve's spouse Meredith. Alexa contends Meredith's financial contributions result in a surplus. The record shows Steve and Meredith lived together with her two children and were engaged but not married during the 2015 relocation trial. There is not dispute the attorney fees Steve incurred were a separate liability. In considering whether Steve proved financial need, the court did not abuse its discretion in focusing on only the earnings and financial resources of Steve. The court found Steve could afford to pay some of the fees. After considering the financial resources of both parties and balancing the financial needs of Steve against Alexa's ability to pay, the court found Steve had financial need for two-thirds of the fees incurred in the relocation trial. Unchallenged finding of fact 10 states:

Although father was charged approximately $150,000 in attorney's fees, the court only allocated $100,000 for mother to pay. The court considered that father could afford some of his fees. Court finds father had financial

6

need for approximately two thirds of his fees to be paid and mother has the ability to pay.

Alexa also challenges finding of fact 7:

Court finds that it is unreasonable to expect a party to pay over their annual income for attorney's fees even if a few years earlier they received a discrete amount of money from the dissolution trial. The court considered the fact that father had some money in apportioning the mother to only pay two thirds of father's fees. However, it does not seem equitable to perpetually use the discrete amount of funds that one received to argue he has no need. Certainly when the court divided the property, there was not an expectation that hundreds of thousands of dollars would go to future attorney fees to continue defending himself in litigation against the mother.

The trial court considered and rejected Alexa's argument that Steve "does not have financial need because he left the marriage in 2012 with $1.7 million of assets." The court did not abuse it's discretion in finding that "it is unreasonable to expect a party to pay over their annual income for attorney's fees even if a few years earlier they received a discrete amount of money from the dissolution trial." As noted, the court "considered the fact" that Steve "had some money" from the dissolution "in apportioning the mother to only pay two thirds of father's fees." The court did not abuse its discretion in finding that "it does not seem equitable to perpetually use the discrete amount of funds that one received to argue he has no need."

Because substantial evidence supports the finding of financial need and the record shows the court balanced the needs of the requesting party against the other party's ability to pay, the court did not abuse its discretion in awarding Steve attorney fees of $100,000 incurred in the 2015 relocation trial.

7

We affirm the order awarding Steve attorney fees of $100,000.[3]

WE CONCUR:

_____

_____                    _____

_____

---

[3] We decline to award Steve attorney fees on appeal under RCW 26.09.140.